IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DOUGLAS H. PETERSON, individually and as
parent and next friend of K.P., a minor

      Plaintiffs,

    vs.                                            1:20-cv-00898-WJ-CG

KATHYLEEN M. KUNKEL
in her official capacity as
Secretary of the State of New Mexico Department of Health,

and

MICHELLE LUJAN GRISHAM,
in her official capacity as
Governor of the State of New Mexico

      Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART DEFENDANTS' MOTION TO DISMISS

**THIS MATTER** comes before the Court on Defendants' motion to dismiss the complaint, filed September 22, 2020 (**Doc. 21**) and Plaintiffs' motion to voluntarily dismiss the equal protection claim without prejudice, filed October 13, 2020 (**Doc. 32**). For the reasons discussed in this Memorandum Order and Opinion, Defendants' motion to dismiss is GRANTED IN PART and Plaintiffs' motion for voluntary dismissal is MOOT.

### BACKGROUND

Plaintiffs' complaint, filed September 1, 2020, contains four claims, all brought pursuant to 42 U.S.C. §1983, alleging violation of: (1) the Equal Protection Cause of the Fourteenth Amendment; (2) the Contracts Clause; (3) the Due Process Clause of the Fourteenth Amendment; and (4) the First Amendment's right to Assembly and Association. *See* Doc. 1. All four claims are

based on the Defendants' issuance of a Public Health Order ("PHO") that limits private schools in New Mexico to a 25% capacity ceiling for in-person learning. *Id.* Defendants moved the Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the complaint in its entirety with prejudice, arguing in relevant part, that the regulatory regime allows private schools greater freedom to offer in person learning. Doc. 21. Plaintiffs later moved the Court to voluntarily dismiss the equal protection claim without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). Doc. 32.  Plaintiffs' motion was followed by the filing of a Stipulated Notice, in which the parties agree to the dismissal of the equal protection claim without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A). Doc. 33. Plaintiffs state that they do not oppose Defendants' motion to dismiss as to the remaining claims. Doc. 32

Both motions to dismiss are inextricably bound up with Plaintiff's request for, and this Court's denial of, injunctive relief. On September 11, 2020, Plaintiffs filed a motion for temporary restraining order and preliminary injunction requesting, in relevant part, that the Court enjoin Defendants from enforcing the PHO's 25% capacity ceiling for private school. Doc. 2. The Court held a motion hearing using Zoom technology on September 23, 2020.  On October 2, 2020, the Court denied Plaintiffs' motion for temporary restraining order and preliminary injunction, finding that Plaintiffs did not show likelihood of success on the merits as to any of the four claims. The Order denied injunctive relief without prejudice as to the equal protection claim, thereby allowing Plaintiffs the opportunity to renew their motion were Defendants to leave private schools restricted to in-person instruction at 25% capacity while allowing public and charter schools to offer in-person instruction for grades 7–12 at a higher capacity level. *See* Doc. 29 at 21–22.

## DISCUSSION

Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), a plaintiff may dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared. Unless the notice

or stipulation states otherwise, the dismissal is without prejudice. Fed. R. Civ. P. 41(a)(1)(B). Plaintiffs satisfied the rule through the Stipulated Notice filed by the parties on October 13, 2020. The equal protection claim is dismissed without prejudice without further intervention from this Court. "A stipulation of dismissal filed under Rule 41(a)(1)(A)(i) or (ii) is self-executing and immediately strips the district court of jurisdiction over the merits." *Xlear, Inc. v. Focus Nutrition, LLC*, 893 F.3d 1227, 1235 (10th Cir. 2018) (quoting *De Leon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011)). Therefore, the Court need not rule on Plaintiffs' motion to dismiss pursuant to Fed. R. Civ. P. 41(a)(2), because it is terminated as moot. As discussed above, Plaintiffs do not oppose Defendants motion to dismiss with prejudice as to the remaining claims.

**THEREFORE,** the Court **GRANTS IN PART** Defendant's motion to dismiss the complaint, by dismissing the Contracts Clause, Due Process Clause, and First Amendment assembly and association claims with prejudice. The Court declares Plaintiffs' motion to voluntarily dismiss the equal protection claim without prejudice **MOOT** given this claim was dismissed without prejudice through a stipulation by the parties.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE